PER CURIAM.
We affirm this cause upon the authority of Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), but would stress that we do not, and the trial judge did not, pass upon what is to become of the former marital residence.
In the final judgment, the parties were decreed to be tenants in common in the marital home, but there was no direction as to who was to have possession and how the proceeds would be split, if and when the property is sold. Since the husband is only required to make the mortgage payments up through the date of the final judgment, we must assume the wife is responsible for them thereafter, especially since both parties appear to concede in their briefs that the wife, in fact, continues in possession.
Likewise, there is neither direction as to who is to pay the taxes and insurance, nor any indication as to how the net proceeds of any sale are to be distributed.
All this being so, while we affirm all other points on appeal, we remand for consideration of the fate of the marital home without prejudice to either party to again appeal any conclusion reached upon that particular aspect.
AFFIRMED IN PART; REMANDED FOR FURTHER PROCEEDINGS.
HERSEY, C.J., and LETTS and POLEN, JJ., concur.